# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEGACY ODENVILLE LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | **2:16-cv-1207-KOB** |
| **WIGGINS CHILDS PANTAZIS FISHER** ) | |
| **& GOLDFARB LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Legacy Odenville, LLC filed this suit for a declaratory judgment, seeking a determination that it had no obligation to Defendants Wiggins Childs Pantazis Fisher & Goldfarb, LLC or The Robinson Law Firm under an attorneys' fee agreement related to a contract for the sale of land parcels. The Defendants have moved to dismiss the complaint. (Doc. 10). Because the court finds that it should abstain from hearing this matter, it **GRANTS** the motion and will **DISMISS** this case **WITHOUT PREJUDICE**.

## I. BACKGROUND

The center of this dispute is an attorneys' fee agreement entered into by Four Star Land Ventures, LLC and Four Star Properties, LLC with the Defendant Attorneys ("Attorneys"). At the start of 2008, the Four Star entities were engaged in a dispute with D.R. Horton, Inc. over the sale of lots in the Legacy Springs subdivision located in St. Clair County, Alabama.[1] Attorneys represented Four Star throughout this dispute.

In April 2010, Four Star and D.R. Horton settled their dispute. Four Star and the Attorneys

---

[1] The case in St. Clair County Circuit Court was *Four Star v. Horton*, Case No. CV-2008-90000023.00.

then entered into a fee agreement. The agreement provided that Four Star would pay the Attorneys $5,000 per lot sold from the proceeds due Four Star under the sale. If the purchase agreement was amended or a subsequent agreement between Four Star and D.R. Horton was executed, Attorneys would receive nine percent of the sales price of those lots.

However, Four Star no longer owns the lots in question. On April 27, 2015, Four Star executed two deeds both entitled "Deed in Lieu of Foreclosure" in favor of the Plaintiff, Legacy Odenville, LLC. Attorneys state that the deeds were the result of an agreement reached in mediation in an action filed in St. Clair County Circuit Court to enforce the fee agreement and stop a foreclosure action that had been initiated against the property by an entity named Legacy Springs Bond.

The case is currently still pending.[2] After Legacy Odenville commenced this action, Attorneys added Legacy Odenville to the state court action. On December 15, 2016, the state court granted the Attorneys' motion for partial summary judgment and declared the April 27, 2015, deeds void. Legacy Odenville has filed a motion for the Circuit Court to reconsider its decision and has also filed a petition for a writ of mandamus with the Alabama Supreme Court.

## II. LEGAL STANDARD

Generally, federal courts have a "duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

---

2 *Wiggins, Childs, et al. v. Four Star*, Case No. CV-2015-9000040.

The Eleventh Circuit has provided nine factors for a district court to consider in determining whether to abstain from hearing an action for declaratory relief:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). The "list is neither absolute nor is any one factor controlling" as the factors "are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.* The district court considering abstention should weigh "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Id.* (quoting *Centennial Life Ins. v. Poston*, 88 F.3d 255, 257 (4th Cir.1996)).

### III. DISCUSSION

The court ordered Legacy Odenville to show cause why it should not dismiss this case on the basis of *Brillhart*/*Wilton* abstention. *See* (Doc. 26). In response, Legacy Odenville argues that

3

eight of the *Ameritas* factors are neutral and one, whether the declaratory remedy is being used to obtain a race for *res judicata*, weighs strongly against abstention. However, the factor cited by Legacy Odenville as weighing in favor of abstention is at best neutral. As discussed below, the court believes that proceeding with this action would create friction between federal and state courts, and that the state court is better positioned to resolve this dispute.

    1.    *Alabama's Interest*

First, the court considers "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." *Ameritas*, 411 F.3d at 1331. Legacy Odenville acknowledges that this case will be resolved under Alabama law but states "there does not appear to be any other Alabama 'interest' that would be served or protected by having the issue decided" in state court. (Doc. 27 at 3). Granted, federal courts are constantly called upon to apply state law, and so the fact that this case involves only Alabama law claims cannot weigh heavily in favor of abstention.

However, Alabama does have an additional interest. The validity of Legacy Odenville's deeds is a threshold question that the court would have to consider in this case, and courts have recognized that property law concerns are frequently important state interests. *See, e.g.*, *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005). Given that, the court finds that the first factor weighs in favor of abstention.

    2.    *Whether Judgment Would Settle Controversy*

The second consideration is "whether the judgment in the federal declaratory action would settle the controversy." *Ameritas*, 411 F.3d at 1331. Legacy Odenville states that "a judgment in this action would settle the entire controversy between Legacy Odenville and Defendants." (Doc. 27 at 3). However, the state court action has additional parties who are relevant to resolving the

broader controversy of whether foreclosure on the land should be enjoined. In determining whether a judgment in the declaratory judgment action would settle the controversy, the court should not limit itself to inquiring whether judgment would settle the dispute between the parties in the federal court action. *See Ameritas*, 411 F.3d 1331 (abstention proper where federal court action contained incomplete set of parties and claims); *Centennial Life*, 88 F.3d at 255 (abstention proper where state litigation could resolve all matters but federal action would only resolve part). Therefore, the court finds the second factor also weighs in favor of abstention.

        3.      *Whether Federal Action Would Serve Useful Purpose*

The third factor is "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue." *Ameritas*, 411 F.3d at 1331. The court agrees with Legacy Odenville that the third factor is neutral. A judgment by either this court or the St. Clair County Circuit Court would clarify the issues. This factor does not weigh in favor or against abstention.

        4.      *Procedural Fencing and the Race for Res Judicata*

The fourth factor is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable." *Ameritas*, 411 F.3d at 1331. This factor is the sole factor Legacy Odenville argues weighs against abstention.

Legacy Odenville claims that Attorneys are the party who initiated a race for *res judicata*, and therefore should not be rewarded by having this court abstain from deciding this case. *See* (Doc. 27 at 4–5). Legacy Odenville notes that two weeks after it filed this action, the Attorneys added it as a party to the state court action and moved for summary judgment on the validity of its deeds, requesting and receiving expedited adjudication of its motion. Such a procedure, Legacy Odenville feels, was designed to undercut this already-filed action. After all, if Legacy Odenville

5

did not have title to the property, it would lack standing to assert its claim in this case.

Undoubtedly, the state court moved at a brisk pace in resolving the Attorneys' motion. However, the "procedural fencing" factor is limited to consideration of the *plaintiff's* motives, and *Ameritas* "did not hint that the court should closely examine or be skeptical of the motives of a defendant in the declaratory judgment action who later files a parallel action . . . in state court." *Metro. Prop. & Cas. Ins. Co. v. Butler*, No. 4:15-CV-01244-JEO, 2016 WL 2939633, at *4 (N.D. Ala. May 20, 2016). In *Ameritas*, the state action was filed *after* the federal declaratory judgment action. *Ameritas*, 411 F.3d at 1331. *Ameritas* simply does not permit the court to take into account what Legacy Odenville asks the court to weigh.

Further, the Eleventh Circuit has been even more explicit in later cases. In *Triple S Refining Corp. v. Mount Canaan Full Gospel Church*, the district court weighed the *Ameritas* factors and abstained from hearing a declaratory judgment action. The defendants had filed a state court action after the plaintiffs commenced their federal suit for declaratory relief. On appeal, the plaintiffs argued that the district court improperly weighed the *Ameritas* factors because it failed to consider that the defendants had engaged in forum gamesmanship. The Eleventh Circuit roundly rejected the argument, explaining "[t]hat the action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment" and that the argument was "indistinguishable from the arguments rejected by this Court in *Ameritas*." *Triple S Ref. Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007). Accordingly, the court cannot consider the fact that the Attorneys added Legacy Odenville to the state court action after commencement of this suit as a factor that weighs in favor of this court exercising jurisdiction over this action.

However, the court cannot conclude that Legacy Odenville engaged this action as an

anticipatory filing when faced with the prospect of state court litigation. Legacy Odenville was not an original party to the St. Clair County action, and no indication exists that it filed this action because it believed it was about to be brought into that case. Accordingly, the court finds that this factor does not weigh in favor or against abstention.

     5.    *Increased Friction Between State and Federal Courts*

The fifth factor is "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Ameritas*, 411 F.3d at 1331. Friction with the state court is inevitable if this court proceeds with this action.

Legacy Odenville acknowledges that "tension" could exist if both suits proceed but argues that Alabama's abatement statute requires the state court to dismiss its action. However, the state court has already determined that the abatement statute does not apply and that it has exclusive jurisdiction over the property. Legacy Odenville vehemently disagrees with the state court, and in effect, asks this court to second guess the state court's determination about state law. Undoubtedly, Legacy Odenville believes it will be vindicated in its mandamus petition. But this court declines to consider the petition's merits, as doing so would inherently create friction with the St. Clair County Circuit Court. The court is empowered to use its discretion to avoid this "[g]ratuitous interference" with a state court. *Wilton*, 515 U.S. at 282.

And that is just the start of the potential friction in this case. If this court elected to hear the case, it would be immediately confronted with another conflict with the state court. The state court determined that Legacy Odenville did not have title to the property. Accordingly, Legacy Odenville would not have standing to sue in this action without title. But Legacy Odenville argues that because that determination is not final, it should not be given preclusive effect in this case, and that an earlier judgment from the previous case is the one to which this court should attach

preclusive effect. *See* (Doc. 23 at 3–6).

Legacy Odenville might be correct on the preclusive effects of the judgment, but that does not reduce the friction. If this court decided that the deeds were valid and Legacy Odenville was the owner of the lots, the court's opinion and order would directly contradict the state court's judgment. Legacy Odenville's strong objections to the state court's reasoning do not make that fact any less true. All of this friction would occur *before this court had even considered the merits*.

If the court found this case to be justiciable, it would proceed to determine whether Legacy Odenville owed any obligation to the Attorneys under the Fee Agreement. That precise issue is currently being litigated in the state court action. If both cases proceeded, a significant risk exists of either inconsistent judgments or that one case would reach a preclusive determination affecting the other. Such a procedural posture is precisely the sort of "vexatious" and "uneconomical" litigation *Brillhart*/*Wilton* abstention is meant to forestall. *Brillhart*, 316 U.S. at 495 (1942). From jurisdiction to the merits, this case would be wrought with friction with the state court. For that reason, the court finds that the fifth factor weighs strongly in favor of abstention.

      6.    *Existence of a Better or More Effective Alternative Remedy*

The sixth factor is "whether there is an alternative remedy that is better or more effective." *Ameritas*, 411 F.3d at 1331. This court and the state court could both offer effective remedies, but because the state court action encompasses all parties and issues, it could offer a better remedy that could avoid subsequent litigation resulting from inconsistent determinations between this court and the state court. Therefore, the court finds that the sixth factor weighs for abstention.

      7.    *Whether Underlying Factual Issues are Important to Informed Resolution and Whether the State Court is Better Situated to Adjudicate those Facts*

The seventh and eighth factors are best addressed together. The seventh factor is "whether

8

the underlying factual issues are important to an informed resolution of the case" and the eighth factor is "whether the state trial court is in a better position to evaluate those factual issues than is the federal court."*Ameritas*, 411 F.3d at 1331.

Legacy Odenville acknowledges that factual issues may be important to determining whether it has an obligation to Attorneys under the Fee Agreement, but argues that the state court is in no better position than this court to evaluate those issues. (Doc. 27 at 8). However, the court notes that the state court would possess an advantage—it would have "all the parties and all of the evidence before it," which would enable "the state court . . . to see the whole board, rather than just the sliver of it presented in federal court." *Lexington Ins. Co. v. Rolison*, 434 F. Supp.2d 1228, 1242 (S.D. Ala. 2006). Given the state court's vantage on the landscape of this litigation, including the property itself, the court finds that these factors weigh slightly in favor of abstention.

8. *Whether a Close Nexus Exists between Issues and State Public Policy and Whether Federal Law is Dispositive*

The final factor is "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Ameritas*, 411 F.3d at 1331.

Here, all of the issues will be decided under Alabama law. Federal courts routinely apply state law, but if a "declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Williams Co. v. Holmes County*, 343 F.3d 383, 390–91 (5th Cir. 2003). Given that general principle of comity, the court finds this factor to weigh in favor of abstention.

**IV.   CONCLUSION**

The heart of the *Brillhart/Wilton* inquiry is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. Given the state's interest and the inevitable friction with the state court proceeding, the court believes abstention to be warranted. None of the *Ameritas* factors caution against abstention, and several weigh in favor of it. Ultimately, the question presented in Legacy Odenville's complaint for declaratory relief is best answered in state court.

Having found abstention appropriate, the court must also consider whether it should stay or dismiss this action. In *Wilton* the Supreme Court stated that "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n.2. However, no risk of a time bar has been mentioned by the parties. When that concern is not present, a district court may dismiss a case without prejudice rather than staying the action. *See Ameritas*, 411 F.3d at 1332 (affirming a district court's decision to dismiss action without prejudice).

Therefore, the court **GRANTS** the Defendants' motion and **DISMISSES** this case **WITHOUT PREJUDICE**. The court will enter a separate order accompanying this opinion.

**DONE** this 8th day of March, 2017.

_____

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE